IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00118-MSK-CBS

MICHAEL WAYNE FLEMING,
        Plaintiff,
v.

MR. MOLLOY (individual capacity), Acting Denver County Deputy Sheriff,
MR. FLINK (individual capacity), Acting Denver County Deputy Sheriff,
MS. ESPINOZA (individual capacity), Acting Denver County Deputy Sheriff,
        Defendants.
_____

ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE
_____

Magistrate Judge Craig B. Shaffer

        By an Order entered June 1, 2007 (Doc. # 17) Plaintiff was granted leave to

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Pursuant to § 1915(b)(2),

Plaintiff is required to make "monthly payments of 20 percent of the preceding month's

income credited to his account" until the filing fee is paid in full.  In the Order granting

Plaintiff leave to proceed *in forma pauperis*, Plaintiff was instructed either to make the

required monthly payments or to show cause **each** **month** why he has no assets and

no means by which to make the monthly payment.  In order to show cause, Plaintiff was

directed to file a certified copy of his inmate trust fund account statement.  Plaintiff was

warned that a failure to comply with the requirements of § 1915(b)(2) would result in the

dismissal of this civil action.

        Plaintiff filed a "Motion to Show Cause" on August 29, 2007 (Doc. # 58) for the

preceding month's income.  Plaintiff states "[t]he plaintiff has no money in his inmate

account at this time.  The plaintiff bought personal hygiene [sic] items, stamps, phone time, etc.  The plaintiff also had legal mail and legal copies deducted from his account. The plaintiff also had 20% deducted from his account by the state.  At this time the plaintiff's account is in the negative."  However, the inmate trust fund account statement for the month of July not only shows a positive balance for the month of July, it also shows a total amount of income credited to his account of $109.83.  Plaintiff is advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment.  *See Cosby v. Meadors,* 351 F.3d 1324, 1327 (10th Cir. 2003) ("when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments").  Therefore, Plaintiff will be ordered to pay into the court registry $21.97 for his 20% filing fee payment for the month of July.

Furthermore, Plaintiff has failed to make the required monthly payment or show cause why he has no assets and no means by which to make the monthly payments for the months of August and September 2007.   Therefore, Plaintiff will be ordered either to make the required monthly payments or to show cause why he cannot.

It is not acceptable for Plaintiff to meet his monthly obligations only when specifically called upon by the Court through an order to pay or show cause.  Such a procedure unreasonably burdens the Court.  Consequently, hereafter the Court will require Plaintiff, by the **15th day** of **each** **month** and without any further notice from or order of the Court, either to make the required monthly payment for each preceding

2

month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment.   If Plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, the Court will recommend that the case be dismissed for failure to comply with this Order and with the Order allowing Plaintiff to proceed *in forma pauperis* entered June 1, 2007.

IT IS ORDERED that by the **15th day** of **each** month hereafter Plaintiff shall either make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement for the month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment. Furthermore, if payment is made for the preceding month, in order to verify that the appropriate amount is being paid, the Plaintiff must file a certified copy of his trust fund account statement for that month.  The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with this order, the complaint and this civil action may be dismissed without further notice.

DATED at Denver, Colorado this 26th day of September, 2007.

BY THE COURT:


     s/Craig B. Shaffer
United States Magistrate Judge


3